UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE PEOPLE'S REPUBLIC OF CHINA dba DONGGUAN AIBOKESI NETWORK TECHNOLOGY CO., LTD dba CIRCOOTER SCOOTER,<br><br>　　　　　　　　　　Defendant. | Case No.:  25-cv-1409-RSH-VET<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IFP; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　On June 3, 2025, plaintiff Mel Marin, proceeding *pro se*, commenced this action, along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 ("Compl."); 2. For the reasons below, the Court grants Plaintiff's IFP motion and dismisses the Complaint with leave to amend.

**I.　　MOTION TO PROCEED IFP**

　　All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All

persons, not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life[.]" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Here, Plaintiff reports a monthly income of $1,315.00 from retirement and disability benefits and monthly expenses totaling $1,540.00. ECF No. 2 at 2, 5. Plaintiff additionally claims he owns two motor vehicles worth $200 total, another $100 in unspecified assets, and $290 in his banking accounts. *Id.* at 2–3. Based on the above, the Court concludes Plaintiff has adequately demonstrated that he is unable to pay the filing fee at this time for this action.

## II.   MANDATORY SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). That is, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*.

In his Complaint, Plaintiff alleges that on December 8, 2023, he purchased an electric scooter with a defective front shock absorber from Dongguan Aibokesi Network Technology Co., Ltd. doing business as Circooter Scooter Company ("Circooter"). Compl. ¶ 2. Plaintiff alleges he was injured when the scooter's front shock absorber failed to adjust as he was riding over a small bump thereby causing him to be thrown onto the street. *Id.* ¶ 7. Plaintiff names the People's Republic of China ("China") as the "real party in interest" pursuant to an alter ego theory. *Id.* ¶ 3.

Here, Plaintiff has not set forth sufficient facts to establish a plausible claim of alter ego liability against China. *See Tan v. Quick Box, LLC,* No. 3:20-CV-01082-H-DEB, 2021 WL 1293862, at *6 (S.D. Cal. Apr. 7, 2021) ("At the 12(b)(6) motion to dismiss stage, the court must decide whether the plaintiffs' allegations, if true, could support a plausible claim of alter-ego liability.") (internal quotation marks omitted). "[T]o satisfy the alter ego test, a plaintiff must make out a *prima facie* case (1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (internal quotation marks omitted). According to Plaintiff, China is Circooter's alter ego based on its alleged 51% ownership share. Compl ¶ 13. Under Ninth Circuit precedent, however, even "[t]otal ownership and shared management personnel are alone insufficient to establish the requisite level of control" to satisfy the alter-ego test. *Ranza*, 793 F.3d at 1073. As such, the Court concludes Plaintiff's Complaint does not set forth a plausible claim against China that passes the screening required by 28 U.S.C. § 1915(e)(2).

### III.   CONCLUSION

For the above reasons, the Court: (1) **GRANTS** Plaintiff's motion to proceed *in forma papuperis*; and (2) **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear

1 that the deficiencies of the complaint could not be cured by amendment.") (internal
2 quotation marks omitted).

3   If Plaintiff chooses, he may file a First Amended Complaint by **July 31, 2025**.
4 Failure to do so will result in dismissal of his action.

5   **IT IS SO ORDERED.**

6   Dated: July 18, 2025

_____
Hon. Robert S. Huie
United States District Judge